UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/03/2024
```

DUSTIN TRIMM,

                        Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION ACTING COMMISSIONER DANIEL F MARTUSCELLO III; NEW YORK STATE DEPARTMENT OF HEALTH COMMISSIONER CAROL A. MORSE; GREEN HAVEN SUPERINTENDENT MARK MILLER; BILLIE TUOHY (RN),

                        Defendants.

24-CV-2737 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

      Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants denied him adequate medical care. By order dated April 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.   New York State Department of Corrections and Community Supervision (DOCCS)**

The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has validly abrogated its immunity. *See Bd. of Trs. v. Garrett*, 531 U.S. 356, 363-64 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). A state's immunity extends to state agencies such as DOCCS, which is an arm of the State of New York. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*); *Dube v. State Univ. of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990).

Because neither the State of New York nor its agencies have consented to be sued in federal court under 42 U.S.C. § 1983, and Congress has not abrogated the state's immunity, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), Plaintiff's claims against DOCCS are dismissed as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.   Superintendent Bennett, Nurse Practitioners Paige-Connier and Armbruster, and Dr. Gusman**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any

F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants New York State Department of Corrections and Community Supervision Acting Commissioner Daniel F Martuscello III; New York State Department of Health Commissioner Carol A. Morse; Superintendent Mark Miller; and Billie Tuohy (RN) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

---

summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

     The Clerk of Court is instructed to: (1) issue summonses for Defendants New York State Department of Corrections and Community Supervision Acting Commissioner Daniel F Martuscello III; New York State Department of Health Commissioner Carol A. Morse; Superintendent Mark Miller; and Billie Tuohy (RN), complete the USM-285 forms with the address for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service; and (2) mail an information package to Plaintiff.

     The Clerk of Court is further directed to mail a copy of this Order to *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

SO ORDERED.

Dated:   May 3, 2024
           White Plains, New York

                                                  NELSON S. ROMÁN
                                                  United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.     Acting Commissioner Daniel F Martuscello III
   New York State Department of Corrections and Community Supervision
   Harriman State Campus, Bldg. #2
   1220 Washington Avenue
   Albany, N.Y. 12226-2050

2.     Commissioner Carol A. Morse
   New York State Department of Health
   Harriman State Campus, Bldg. #2
   1220 Washington Avenue
   Albany, N.Y. 12226-2050

3.     Mark Miller
   Superintendent
   Green Haven Correctional Facility
   594 Route 216
   Stormville, N.Y. 12582

4.     Billie Tuohy, RN
   Green Haven Correctional Facility
   Green Haven Correctional Facility
   594 Route 216
   Stormville, N.Y. 12582