USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DUSTIN J. TRIMM,

                    Plaintiff,

        -against-

NEW YORK STATE DEP'T OF CORR.
AND COMMUNITY SERVS., et al.,

                    Defendants.

---

No. 24-CV-2737 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff, Dustin Trimm (the "Plaintiff"), currently incarcerated at Green Haven Correctional Facility, brings this action under 42 U.S.C. § 1983, asserting claims of constitutionally inadequate medical care and deliberate indifference under the Eighth and Fourteenth Amendment.[1] (*See* Complaint ("Compl."), ECF No. 1.) Plaintiff sues Commissioner of the New York State Department of Corrections and Community Supervision Daniel F. Martuscello, Health Commissioner Carol A. Moorse, Green Haven Correctional Facility Superintendent Mark Miller, and Green Haven Deputy Superintendent for Health Services Billie Tuohy (collectively, the "Defendants").

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Defendants have moved to dismiss the Amended Complaint (the "Motion", ECF No. 23.) For the following reasons, Defendants' Motion is GRANTED.

---

[1] Plaintiff asserts a claim under the Fourteenth Amendment, but under Second Circuit precedent, the Fourteenth Amendment applies to pretrial detainees while the Eighth Amendment applies to convicted prisoners. *See Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017). Plaintiff's Complaint indicates that he is a "convicted and sentenced state prisoner" and not a pretrial detainee. Accordingly, the Court will only analyze and address Plaintiff's Eighth Amendment claim.

## FACTUAL BACKGROUND

Plaintiff alleges that Defendants failed to provide adequate medical attention when he suffered an injury to his left leg when attempting to walk down the cell block at Green Haven Correctional Facility ("Green Haven"). On March 14, 2024, *pro se* Plaintiff "heard a weird noise in [his] left leg between [his] calf and ankle." (Compl. at 6.) Plaintiff describes it as sounding like "something had popped, snapped or tore" and that he could not apply any pressure to his left leg. Shortly after, Plaintiff notified a correctional officer and he was sent to the infirmary for an evaluation. (*Id*. at 17.) At the infirmary, Plaintiff was examined by a nurse at Green Haven who diagnosed him with a pulled muscle and gave him three Motrin, a muscle relaxer, and ice for his leg. (*Id*.) After this treatment, the attending nurse discharged Plaintiff from the infirmary over his objections. (*Id*.) The same nurse also gave Plaintiff a "mandatory clinic appointment slip" that allowed him to receive medicine from the clinic over the next two days. (*Id*. at 18.) Despite this slip, Plaintiff was denied medication on one of those two days because the original attending nurse had given him the wrong permit and "did not follow proper protocol and did everything wrong." (*Id*.) Plaintiff maintains that, as of the date of the Complaint, he has still yet to be called back to the infirmary since March 16, 2024.[2]

In addition to this incident, Plaintiff also noted that he has had issues with his legs since March 2023. (*Id*. at 19.) He claims that he has "dropped numerous sick call slips and was never called." (*Id*.) Plaintiff appended to his Complaint several pieces of correspondence between him and DOCCS officials where he complains of inattention to his medical needs. *See* Exhibits 1, 4, 6, 8, 9, 10. Plaintiff also included several sick call slips that he maintains went unanswered. *See* Exhibits 2, 3, and 7.

---

[2] Plaintiff signed and submitted the Complaint for transmission on March 28, 2024.

## PROCEDURAL HISTORY

On April 8, 2024, Plaintiff filed the operative Complaint. (ECF No. 1.) Defendants filed the Motion on January 13, 2025 (ECF No. 23), as well as a memorandum of law ("Defs.' MoL.", ECF No. 24) and reply (ECF No. 25), in support thereof. As indicated by Defendants' letter on May 2, 2025, Plaintiff never served Defendants with an opposition to the Motion. (ECF No. 26.) As a result, the Court and Defendants treated Plaintiff's letter of October 10, 2024 as the opposition brief (the "Opp."). (ECF No. 22.)

## LEGAL STANDARDS

### A. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

A challenge to a federal court's subject matter jurisdiction is properly raised by way of a Rule 12(b)(1) motion. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). "A 'case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (citing *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison*, 547 F.3d at 170. While a Court must accept all factual allegations in Plaintiff's complaint as true, a jurisdictional showing must be made affirmatively; "it is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id*. When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings. *See Makarova*, 201 F.3d at 113.

### B. Rule 12(b)(6) Motion to Dismiss Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether a complaint states a claim upon which relief can be granted, the court "begins by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown that the pleader is entitled to relief. *Id.*

*Pro se* complaints, however, are held to less stringent standards than those drafted by lawyers. *Thomas v. Westchester County*, 2013 WL 3357171 (S.D.N.Y. July 3, 2013). Because of this a *pro se* party's pleadings should be read, "to raise the strongest arguments that they suggest." *Id.* at 2. Applying the pleading rules permissively is especially appropriate when *pro se* plaintiffs allege civil rights violations. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Even in a *pro se* case, however, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d. Cir. 2010) (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports, [it] cannot invent factual allegations that [a *pro se* plaintiff] has not pled." *Id.*

### C.  42 U.S.C. § 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## DISCUSSION

Plaintiff's Complaint asserts claims sounding in alleged Eighth Amendment violations. Specifically, Plaintiff alleges deliberate indifference to his medical needs. Plaintiff also articulates claims of medical negligence, failure to operate/maintain/correct, and infliction of intentional emotional duress. Plaintiff brings these claims under theories of *respondeat superior* and *Monell* liability. In their Motion, Defendants assert several grounds warranting dismissal of Plaintiff's claims. They include: (1) Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983; (2) Plaintiff failed to exhaust available administrative theories under the Prison Litigation Reform Act of 1995; (3) Defendants are entitled to qualified immunity; and (4) the Court lacks subject matter jurisdiction over Plaintiff's state law claims. Because this Court finds that Plaintiff has failed to state a plausible cause of action, the Court will not address Defendants' additional grounds for dismissal.

**Lack of Personal Involvement**

Plaintiff has failed to establish the personal involvement of any of the Defendants. It is well-settled that to hold a defendant responsible for a constitutional deprivation, a plaintiff must demonstrate, *inter alia*, the defendant's personal involvement in the deprivation. *See Grullon v. City of New Haven*, 720 F.3d 133, 138–39 (2d Cir. 2013). To do so, the plaintiff must "allege a tangible connection between the acts of a [d]efendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). A showing of personal involvement is a prerequisite to an award of damages under 42 U.S.C. § 1983. *Boley v. Durets*, 687 Fed. Appx. 40, 41 (2d Cir. 2017); *see also McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977).

Claims involving prison officials "require[] a showing of more than the linkage in the prison chain of command." *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985). Simply being a supervisor is not enough to impute personal involvement onto a defendant; liability exists only where the "defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676); *see also Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060 (2d Cir. 1989) ("The general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the [d]efendant is required.") Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint "fatally defective on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotation marks omitted).

Here, Plaintiff argues that he made everyone "with the authority to do something about my medical problems aware of my problems and nothing was done." (Opp. at 1.) Plaintiff continues "Superintendent Miller is responsible for everything that transpires within this facility," that "Commissioner Martuscello is responsible for everything that transpires within all NYS DOCCS Facilities," that "Health Commissioner Carol A. Moores, M.D. is responsible for all health services

within the NYS DOCCS," and that "Deputy Superintendent for Health Services Billie Tuohy is responsible for all health services here at Green Haven Corr. Facility." (*Id.*) But "[a] supervisory official's receipt of a letter complaining about unconstitutional conduct is not enough to give rise to personal involvement on the part of the official." *Brooks v. Chappius*, 450 F. Supp. 2d 220, 225–26 (W.D.N.Y. 2006) (internal citations omitted). As the exhibits bear out, Plaintiff received several responses from officials within DOCCS making him aware that his medical treatment was to be directed by his primary care provider and that they had conducted inquiries into his complaints and, to their knowledge, his treatment was being administered properly. *See* Exhibits 1, 4, and 9. But even if he had been ignored, "the fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement." *Id.* at 226 (quoting *Thomas v. Coombe*, No. 95 Civ. 10342, 1998 WL 391143, *6 (S.D.N.Y. July 13, 1998)). Moreover, Plaintiff's Complaint and letters to DOCCS officials are far from clearly establishing that his lack of treatment reached the level of a constitutional violation. *See Hathaway v. Coughlin*, 841 F.2d 48, 50–51 (2d Cir. 1988) (determining that a two-year delay in surgery to correct broken pins in hip that caused Plaintiff extreme prolonged pain was a sufficiently serious effect); *cf Evans v. Bonner*, 196 F. Supp. 2d 252, 256 (E.D.N.Y. 2002) (holding that untimely provision of medication to HIV-positive inmate did not cause sufficiently serious injury to give rise to an Eighth Amendment violation). Plaintiff has provided no facts that show how the delay in treatment (which remains unclear given the Complaint and DOCCS letters indicating that he had received treatment) created a sufficiently serious injury to establish an Eighth Amendment violation. Accordingly, Plaintiff has failed to allege personal involvement of the Defendants in an alleged constitutional violation as required by law. As a result, Plaintiff's claim of deliberate indifference under the Eighth Amendment is dismissed.

**Supplemental Jurisdiction**

Because the Court has dismissed all claims over which it had original jurisdiction it declines to exercise supplemental jurisdiction over the remaining state law claims related to medical negligence, failure to operate/maintain/correct, and infliction of intentional emotional duress. *See* 28 U.S.C. § 1367(c). Accordingly, any remaining state law claims are dismissed without prejudice.

**Leave to Amend**

The Second Circuit has advised that "a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir.1999) (per curiam). Accordingly, the Court dismisses all of Plaintiff's claims without prejudice, granting leave to amend.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the Complaint is GRANTED and all claims are dismissed without prejudice. Plaintiff is granted leave to file an Amended Complaint by June 23, 2025 (blank form attached). Plaintiff is advised that the Amended Complaint will replace, not supplement, the Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the Amended Complaint.  The Defendants are then directed to answer or otherwise respond by July 14, 2025.

If Plaintiff fails to file an Amended Complaint within the time allowed, and he cannot show good cause to excuse such failure, any claims dismissed without prejudice by this Order will be deemed dismissed with prejudice.

The Clerk of Court is kindly directed to terminate the motion at ECF No. 23, mail a copy of this Order to *pro se* Plaintiff at Plaintiff's address listed on ECF, and show service on the docket.

Dated: May 27, 2025                                        SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____